UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIBREBOARD CORPORATION,

    Appellant,

v.                                           CASE NO: 8:03-cv-1479-T-23MSS

THE CELOTEX CORPORATION,

    Appellee.
_____/

**ORDER**

        Fibreboard Corporation ("Fibreboard") appeals (Doc. 5 ) a bankruptcy court order (BR Doc. 1357) granting summary judgment for The Celotex Corporation ("Celotex"). This case stems from previous litigation, unsuccessfully defended by Celotex and Fibreboard, in which Fibreboard ultimately settled the consequent joint and several judgments. In United States Bankruptcy Court, Fibreboard sought to recover the amounts expended in resolution of the joint and several judgments (as subrogation[1] from Celotex under either 11 U.S.C. § 509(a) of the Bankruptcy Code or state common law). In a detailed and impressively reasoned order, the bankruptcy court granted summary judgement for Celotex on Fibreboard's subrogation claim (BR Doc. 1357). On appeal, Fibreboard argues that the bankruptcy court erred in granting summary judgment for Celotex (Doc. 5). Fibreboard further contends that the bankruptcy court

---

[1] Fibreboard possessed a valid contribution claim against Celotex. However, by electing under 11 U.S.C. § 502(e)(1)(C) to characterize its claim as one of subrogation under 11 U.S.C. § 509(a), Fibreboard foregoes any contribution claim (BR Doc. 1357, at 11). See In re Richardson, 193 B.R. 378, 380 (D. D.C. 1995).

abused its discretion in entering a stay that prevented creditors from executing on supersedeas bonds posted by Celotex (Doc. 5).

The district court reviews *de novo* the bankruptcy court's entry of summary judgment. Gray v. Manklow, 246 F.3d 1332, 1334 (11th Cir. 2001). However, the district court reviews a preliminary injunction, such as the bankruptcy court's stay order, for an abuse of discretion. See GSW, Inc. v. Long County, 999 F.2d 1508, 1518 (11th Cir. 1993).

Fibreboard claims entitlement to subrogation under Section 509 of the U.S. Bankruptcy Code. However, Section 509(b)(2) excludes subrogation claims where the co-debtor received consideration for the payment. See 11 U.S.C. § 509(b)(2) (providing that an entity is not subrogated to the rights of a creditor where "as between the debtor and such entity, such entity received the consideration for the claim held by such creditor"). A co-defendant's release from a joint and several judgment for which it is primarily liable is ample consideration for payment of the liability. The bankruptcy court correctly concluded that, in accord with the applicable precedent, Section 509(b)(2) excludes subrogation claims if the claimant is primarily liable with the debtor. See In re Cornmesser's, Inc., 264 B.R. 159, 163 (Bankr. W.D. Pa. 2001); In re Valley Vue Joint Venture, 123 B.R. 199, 205 (Bankr. D. Va. 1991); In re Russell, 101 B.R. 62, 65 (Bankr. D. Ark. 1989).

Fibreboard further contends that subrogation is proper as an equitable, common law remedy. State law determines the application of equitable subrogation. See In re Hamada, 291 F.3d 645, 651 (9th Cir. 2002). Florida permits equitable subrogation if the

subrogee has paid a debt for which he is not primarily liable.  See Dade County Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999); West American Insurance Co. v. Yellow Cab Company, 495 So.2d 204 (Fla. 5th DCA 1986).  Joint and several judgments are enforceable against any co-defendant, and the prevailing plaintiffs could have enforced the entire judgment against either Fibreboard or Celotex.  Satisfaction of the judgment by Fibreboard, primarily liable as a joint and several judgment debtor, triggers no entitlement to equitable subrogation under Florida law.

Fibreboard also argues that the bankruptcy court abused its discretion in entering a Section105 stay.  However, the stay was previously upheld in various jurisdictions.  See Celotex Corp. v. Edwards, 514 U.S. 300, 306 (1995); Willis v. Celotex Corp., 978 F.2d 146, 149 (4th Cir. 1992); Gambcorta v. Celotex Corp., Case No. 92-870-CIV-T-23B, slip op. at 3 (M.D. Fla. November 30, 1995).  These rulings note that the complex nature of the bankruptcy warrants a long-standing stay.  The bankruptcy court did not abuse its discretion in entering this Section 105 stay.

Accordingly, the bankruptcy court's summary judgment in favor of Celotex is **AFFIRMED**.  The Clerk is directed to close the case.

ORDERED in Tampa, Florida, on September 30, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    Courtroom Deputy